780 F.2d 1023
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
GENEVIEVE E. NELSON, Defendant-Appellant.
 85-3052
 United States Court of Appeals, Sixth Circuit.
 11/18/85
 
 AFFIRMED
 S.D.Ohio
 On Appeal from the United Stated District Court for the Southern District of Ohio
 Before: ENGEL and MILBURN, Circuit Judges; and COOK, District Judge.*
 PER CURIAM.
 
 
 1
 Appellant Genevieve Nelson appeals from convictions obtained in the United States District Court for the Southern District of Ohio on seven counts of violating the Comprehensive Drug Control Act of 1970, 21 U.S.C. Sec. 801, et seq. On September 20, 1984, a grand jury returned an eight-count indictment charging Ms. Nelson in Count 1 with conspiracy to possess with intent to distribute and distribution of cocaine in violation of 21 U.S.C. Sec. 846, in Count 2 with distribution of marijuana in violation of 21 U.S.C. Sec. 841(a)(1), in Count 3 with distribution of cocaine in violation of 21 U.S.C. Sec. 841(a)(1), and in Counts 4 through 8 with use of a communication facility to facilitate the distribution of cocaine in violation of 21 U.S.C. Sec. 843(b).
 
 
 2
 Trial of this matter commenced on November 26, 1984 and on November 28, 1984, the jury returned verdicts of guilty on all counts except Count 6, on which the jury returned a verdict of not guilty. Ms. Nelson was sentenced to concurrent three-year terms on Counts 1, 2 and 3. She received concurrent four-year terms on Counts 4, 5, 7 and 8, each term being suspended and the defendant being placed on probation upon her release from prison.
 
 
 3
 Ms. Nelson raises two arguments on appeal. First, she contends that the trial court erred by refusing to grant her motion to dismiss the conspiracy charged in Count 1. Her position is that the government's evidence established a conspiracy between herself and a government informant, and that informants are not coconspirators for the purpose of establishing criminal liability for conspiracy. Secondly, Ms. N lson argues that her convictions should be reversed because the conduct of the government during the investigation deprived her of due process. In this regard, she contends that the informant '. . . used indirect threats . . . to get a defendant to cooperate with him.'
 
 
 4
 Upon consideration of the record as a whole, we conclude that the evidence was fully sufficient to support the defendant's conviction on all seven counts. She makes only a minimal effort to controvert all but the conspiracy charged in Count 1. Count 1 alleges a conspiracy which covers the period between November 17, 1980 and March 21, 1984. The proof showed that during most of this period she conspired with Tom Branam before he was in any way engaged in undercover activities on behalf of the government. Thus, her claim that no conspiracy could exist because of Branam's status as an undercover agent must necessarily fail. See e.g. United States v. De Sapio, 435 F.2d 272 (2d Cir. 1970). In addition, there was competent evidence which, if believed, fully supported the jury's conclusion that she was actively conspiring with at least two other persons during that same period, even though their express identity may not have been disclosed during the trial.
 
 
 5
 Nelson's claim of 'indirect' entrapment is foreclosed by substantial and continuing proof of her predisposition to engage in the business of selling marijuana and cocaine. Finally, her claim that somehow she was coerced by Branam into committing the offenses against her will is not supported by the record and clearly was not credited by the jury.
 
 
 6
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Julian A. Cook, United States District Court for the Eastern District of Michigan, sitting by designation